UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

2007 FEB 28  A  7: 28

| | | |
|---|---|---|
| Ernest Boyd, | ) | C/A No.  2:06-03586-RBH-RSC |
| | ) | |
| Petitioner, | ) | Report and Recommendation |
| | ) | |
| v. | ) | |
| | ) | |
| A. J. Padula, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This *pro se* civil action, filed July 21, 2006, was transferred to this Court from the United States District Court for the District of Columbia. The transferring Court docketed this civil action as a complaint filed pursuant to 42 U.S.C. § 1983, and this Court received it and originally docketed it as such. Petitioner's pleading is a hand written document requesting release from confinement for being arrested on a charge for which he claims he has been acquitted. Even though petitioner asks for damages, the main thrust of his pleading is that he be released from confinement.[1] Therefore, his pleading has been construed to be a request for habeas corpus relief.[2]

Petitioner is an inmate at Lee Correctional Institution, a facility of the South Carolina Department of Corrections. In June 2006, petitioner was arrested for an escape from confinement that occurred on January 2, 1977. Petitioner claims that he has been acquitted of this charge and repeatedly requests release from confinement. Because petitioner complained of his arrest and did

---

[1] In the November 29, 2006 Transfer Order (Docket Entry # 6, Attachment 1), the United States District Court for the District of Columbia also recognized that the relief sought by petitioner must be pursued through a writ of habeas corpus.

[2] If petitioner did intend to seek damages pursuant to 42 U.S.C. § 1983, that relief must be requested in a separate action and filed on the appropriate form. *See* Local Rule 83.VIII.01 (D.S.C.).

not allege that he has been convicted or sentenced on this charge, by Order dated January 22, 2007,

petitioner was ordered to answer Court's Special Interrogatories to determine whether he had been

convicted and sentenced on the June 2006 escape charge. Petitioner's Answers to Court's Special

Interrogatories indicate that petitioner has pled guilty to the escape charge. (Docket Entry #14.)

### *Pro Se* Review

Under established local procedure in this judicial district, a careful review has been made of

this *pro se* petition. The review was conducted pursuant to the procedural provisions of 28 U.S.C.

§ 1915, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), and in light of the

following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319,

324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*,

64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 ( 4th Cir. 1983). This Court is required

to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97 (1976). Such *pro se*

documents are held to a less stringent standard than those drafted by attorneys. *Haines v. Kerner*,

404 U.S. at 520. A federal district court is charged with liberally construing a petition filed by a *pro*

*se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S.

5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, this petition

is subject to summary dismissal. The requirement of liberal construction does not mean that the

Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently

cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir.

1990).

### Discussion

The petition for writ of habeas corpus in the above captioned case should be dismissed

2

because petitioner has not exhausted his state remedies. With respect to his conviction and sentence,

petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2241 and a writ of

habeas corpus under 28 U.S.C. § 2254, which can be sought only after the petitioner has exhausted

his state court remedies. *See* 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270 (1971); *Braden*

*v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973); *Moore v. DeYoung*, 515 F.2d 437, 442-

43 (3rd Cir. 1975). Petitioner recently pled guilty to the June 2006 escape charge. Petitioner's

Answers to Court's Special Interrogatories indicate that he has taken no steps to exhaust his state

court remedies. (Docket Entry #14.) Petitioner has not filed a direct appeal. Petitioner has not filed

an application for post conviction relief on the issues raised as grounds for his habeas petition. As

a result, the grounds raised in this habeas petition have not been considered and addressed by courts

of the State of South Carolina.

The requirement that state remedies must be exhausted before filing a federal habeas corpus

action is found in the statute, 28 U.S.C. § 2254(b)(1), which provides that "[a]n application for a writ

of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not

be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts

of the State." The exhaustion requirement is "grounded in principles of comity; in a federal system,

the States should have the first opportunity to address and correct alleged violations of state

prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). The United States

Court of Appeals for the Fourth Circuit, in *Matthews v. Evatt*, 105 F3d. 907 (4th Cir. 1997), found

that "a federal habeas court may consider only those issues which have been 'fairly presented' to the

state courts." The *Matthews* court further instructs that "[t]o satisfy the exhaustion requirement, a

3

habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner." *Id.* at 910-11 (citations omitted).[3] The petitioner has not received a decision from the state's highest court, and thus has not exhausted his state remedies.

In addition to a direct appeal of a conviction and sentence, a South Carolina prisoner has available as post conviction relief the South Carolina Post Conviction Procedure Act, S. C. Code Ann. §§ 17-27-10 to 17-27-160 (PCR).[4] Petitioner has not filed an application for PCR. Petitioner

---

[3] Where a habeas petitioner has failed to exhaust his state remedies and the state court would now find his claims procedurally barred, further exhaustion is not required. *See Coleman v. Thompson*, 501 US 722 735 n.1 (1991). However, the federal court is precluded from hearing a procedurally defaulted claim unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750.

[4] The petitioner should be mindful that the General Assembly has enacted limitations periods for post-conviction cases, at S.C. Code Ann. § 17-27-45, which provides:

> (A) An application for relief filed pursuant to this chapter must be filed within one year after the entry of a judgment of conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later.

> (B) When a court whose decisions are binding upon the Supreme Court of this State or the Supreme Court of this State holds that the Constitution of the United States or the Constitution of South Carolina, or both, impose upon state criminal proceedings a substantive standard not previously recognized or a right not in existence at the time of the state court trial, and if the standard or right is intended to be applied retroactively, an application under this chapter may be filed not later than one year after the date on which the standard or right was determined to exist.

> (C) If the applicant contends that there is evidence of material facts not previously presented and heard that requires vacation of the

4

has not exhausted his state court remedies as required. The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Post Conviction Procedure Act is a viable state court remedy. *See Miller v. Harvey*, 566 F.2d 879, 880-81 (4th Cir. 1977); *Patterson v. Leeke*, 556 F.2d 1168, 1173 (4th Cir.1977).

Because petitioner has a viable state court remedy which has not been fully utilized, the petition should be dismissed for failure to exhaust state remedies. The United States District Court for the District of South Carolina should not keep this case on its docket while the petitioner is exhausting his state remedies. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition.").

### Recommendation

Accordingly, it is recommended that the petition be dismissed *without prejudice* and without requiring the respondent to file a return. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); *Toney v Gammon*, 79 F3d. 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit); the Anti-Terrorism and Effective Death Penalty Act of 1996. ***Petitioner's attention is directed to the important notice on the next***

---

conviction or sentence, the application must be filed under this chapter within one year after the date of actual discovery of the facts by the applicant or after the date when the facts could have been ascertained by the exercise of reasonable diligence."

*page.*

Respectfully submitted,

Robert S. Carr
United States Magistrate Judge

February **2 7**, 2007
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).