UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| ERNEST BOYD, | ) | Civil Action No.: 2:06-cv-3586-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| A.J. PADULA, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the court with the Report and Recommendations [Docket Entry #18] of Magistrate Judge Robert S. Carr filed on February 28, 2007.[1]

Petitioner, proceeding *pro se*, initially brought this action in the United States District Court for the District of Columbia. The transferring court originally docketed this case as a prisoner civil rights case under 42 U.S.C. § 1983. However, after this case was transferred to the District of South Carolina, Magistrate Judge Carr ordered that this case be docketed as a case brought under 28 U.S.C. § 2241 because the prisoner was primarily seeking habeas corpus relief. *See* Proper Form Order, [Docket Entry #11].

The Magistrate Judge recommended summary dismissal of Petitioner's petition for failure to exhaust state remedies. Petitioner filed objections to the Report and Recommendations of the Magistrate Judge on March 13, 2007.

**Standard of Review**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this

---

[1] This matter was referred to Magistrate Judge Carr pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rules 73.02(B)(2)(c) and (e).

court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

### Discussion

Petitioner alleges that he is entitled to be released from prison because he was previously acquited of the escape charge for which he is currently incarcerated. In his answers to the court's special interrogatories, the Petitioner indicated that he pled guilty to the escape charge on January 29, 2007, and was sentenced to six months. Petitioner further indicated in his answers that he had not filed a direct appeal or an application for post conviction relief on the issues raised in the instant habeas petition. Based on these answers, the Magistrate Judge found that the Petitioner had not exhausted his available state court remedies and recommended that the case be summarily dismissed.

Having reviewed the record and applicable law, the court agrees with the recommendations of the Magistrate Judge and finds that the Magistrate Judge correctly applied the law to the facts of this case. The court has reviewed the Petitioner's objections and finds

that they are without merit.

## Conclusion

For the reasons stated above and by the Magistrate Judge, the court overrules Petitioner's objections and adopts and incorporates by reference the Report and Recommendation of the Magistrate Judge. This case is hereby **DISMISSED without prejudice** and without requiring the Respondent to file a return. All pending motions are rendered **MOOT**.

**IT IS SO ORDERED**.

May 25, 2007  
Florence, South Carolina

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

3